UNITED STATES of America,
Plaintiff–Appellee,

v.

Brenda M. MEEHAN, Defendant–
Appellant.

No. 01–3246.

United States Court of Appeals,
Sixth Circuit.

June 24, 2002.

Before CLAY and GILMAN, Circuit Judges; HAYNES, District Judge.[*]

Brenda M. Meehan, represented by counsel, appeals from her judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2000, Meehan pleaded guilty to conspiring to possess and receive firearms, in violation of 18 U.S.C. § 922(g)(1) and (2) and also 18 U.S.C. § 371; being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The court sentenced her to a total of 188 months of imprisonment plus two years of supervised release, and the sentence was ordered to run consecutively to her previously imposed state sentence. Meehan has filed a timely appeal, arguing that: 1) the court improperly engaged in "double counting" when it enhanced her offense level by 4 under USSG § 2K2.1(b)(5) and another two levels under USSG § 3C1.2, based on the same conduct; and 2) the district court improperly ordered her sentence to run consecutively to her previously imposed state sentence.

---

[*] The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Upon review, we conclude that Meehan waived her "double counting" argument because her counsel asked the district court to accept the prosecutor's sentencing guidelines calculations. *See United States v. Nagi,* 947 F.2d 211, 214 (6th Cir.1991); *United States v. Sloman,* 909 F.2d 176, 182–83 (6th Cir.1990). Normally, rights that have been waived are not reviewable, even for plain error. *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). However, the doctrine of "invited error" does not foreclose relief when the interests of justice demand otherwise. *United States v. Barrow,* 118 F.3d 482, 491–92 (6th Cir.1997). Whether the circumstances of a particular case justify deviation from the normal rule of waiver under this doctrine is left largely to the discretion of the appellate court. *Id.* at 491.

■ Nonetheless, we conclude that double counting did not occur in the computation of Meehan's sentence. A review of the record clearly reflects that the district court properly enhanced Meehan's offense level under both § 2K2.1(b)(5) and § 3C1.2. First, Meehan's offense level was properly enhanced under § 2K2.1(b)(5), which provides for a four-level enhancement if the defendant uses or possesses any firearm or ammunition in connection with another felony. Here, Meehan and another individual (Caton) burglarized an apartment, and during the burglary they took several firearms. Furthermore, Meehan possessed firearms when she dropped Caton off at a Dairy Mart parking lot, where he stole a pick-up truck. Thereafter, the couple fled from the police in separate stolen vehicles, Caton crashed his vehicle into a minivan (killing two children and injuring two other passengers), and then Meehan circled back to the crash scene and began firing at the police officers who had been following them. Hence, Meehan committed numerous felonies (i.e.,

burglary and receiving stolen property) while possessing various firearms.

Second, Meehan's offense level was properly enhanced under § 3C1.2, which provides for creating reckless endangerment during flight. The sole basis for this enhancement was Meehan's conduct while driving ahead of Caton as they fled the police, her conduct when she fired at the police officers in a populated intersection, and her conduct as she fled the scene of the shooting. Hence, it cannot be said that the sole basis for enhancing Meehan's sentence under § 3C1.2 was the same basis for the enhancement under § 2K2.1(b)(5). As such, there was no impermissible "double counting."

■ We also conclude that the district court did not abuse its discretion when it ordered Meehan's sentence to run consecutively to her previously imposed state sentence. *See* 18 U.S.C. § 3584(a); *United States v. Covert,* 117 F.3d 940, 945 (6th Cir.1997). In exercising this discretion, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) and applicable sentencing guidelines and policy statements. *Id.*

A review of the record reflects that the district court sufficiently considered the factors set forth in § 5G1.3(c). The district court indicated that it had read Meehan's presentence investigation report and summarized the report. The court recognized that the conduct resulting in the federal charges and the conduct resulting in the state charges were separate and distinct offenses. The court noted that even though the state charged Meehan with having a weapon while under disability (which parallels the federal offenses), the sentence she received was ordered to run concurrently with the sentence for her other state offenses. The court recognized that if Meehan's federal sentence was ordered to be served concurrently to the

state sentence, Meehan would have received no punishment or additional prison time for her federal offenses. Thus, the court considered: a) the nature of the offense; and b) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense. Under these circumstances, the district court did not abuse its discretion when it ordered Meehan's federal sentence to run consecutively to her previously imposed state sentence.

Accordingly, we affirm the judgment of conviction and sentence.